

U.S. Department of Justice

United States Attorney
Eastern District of New York

NR/FTB
F. #2017R0479

271 Cadman Plaza East
Brooklyn, New York 11201

November 28, 2017

By Hand and ECF

The Honorable Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    United States v. Juan Carlos Galan Luperon
                 Criminal Docket No. 17-141 (SJ)

Dear Judge Johnson:

      The government respectfully submits this letter in advance of the sentencing in the above-referenced case, which is scheduled for November 30, 2017 at 9:30 am.  On May 25, 2017, the defendant pleaded guilty pursuant to an agreement with the government to Count One of the Indictment in this case charging him with importing cocaine (a Schedule II controlled substance) into the United States on March 4, 2017.  The Presentence Investigation Report prepared by the U.S. Probation Department in this case ("PSR") computes the defendant's offense level under the U.S. Sentencing Guidelines ("U.S.S.G." or the "Guidelines") as a 19, which corresponds to an advisory range of imprisonment of 30 – 37 months.  The government agrees with this calculation, but does not object to a sentence below the advisory of the Guidelines range of incarceration.

      I.      Facts

      On March 4, 2017, the defendant arrived at John F. Kennedy International Airport in Queens, New York on board a flight from Santo Domingo in the Dominican Republic.  (PSR ¶ 3).  The defendant was selected for an enforcement examination by U.S. Customs and Border Protection officers.  (Id.).  During the course of the examination, the officers noticed a bulge in the defendant's pants.  (Id.).  The officers transported the defendant to a private search room, where they conducted a search of the defendant's person.  (Id. at ¶4).  They discovered four clear plastic bags that had been secured to the defendant's thighs and calves with tape.  (Id.).  The bags contained almost four kilograms of cocaine.  (Id.).

In post-arrest statements, the defendant admitted to special agents with the U.S. Department of Homeland Security that he knew he had a substance taped to his legs and claimed that it was a form of tranquilizer that could be mixed with cocaine. (PSR ¶5). The defendant said that he had been offered $5,000 to smuggle the substance into the United States. (Id.). The defendant also said that he had been promised forgiveness of a $4,000 debt in exchange for his bringing the substance into the United States. (Id.).

II.  Guidelines Calculation

The government agrees with the Probation Department's Guidelines calculation, as set forth below:

| | |
|---|---|
| Base Offense Level (§§ 2D1.1(a)(5), 2D1.1(c)(6)) | 28 |
| Minus: Safety Valve Reduction (§§ 2D1.1(b)(17), 5C1.2) | -2 |
| Minus: Minimal Participant Role (§ 3B1.2(a)) | -4 |
| Minus: Acceptance of Responsibility (§§ 3E1.1(a) and (b)) | -3 |
| Total: | 19 |

Accordingly, based upon a total Offense Level of 19 and Criminal History Category I, the Guidelines yield a range of imprisonment of 30 to 37 months.

III.  The Appropriate Sentence

The defendant is twenty-nine years old. (PSR ¶ 28). He is a United States citizen. (Id. at 2). He has no prior criminal record. (Id. at ¶¶ 20-26). The quantity of cocaine the defendant attempted to bring into the country was substantial – approximately 4 kilograms – and the defendant was offered significant remuneration for undertaking the trip ($9,000 in total).

Nevertheless, the defendant is a first-time offender with documented mental health issues. (PSR ¶¶ 40-41). The defendant has claimed, and the government has no information to contradict, that he agreed to smuggle the cocaine into the United States under some duress despite the promise of compensation. Under these circumstances, the government does not object to a sentence below the Guidelines range calculated by the Probation Department.

IV.  Conclusion

For the reasons stated above, the government respectfully requests that the

Court impose a sentence that is sufficient but not greater than necessary to meet the goals of sentencing as set forth in 18 U.S.C. § 3553(a).  As noted above, the government does not object to a sentence below the advisory range of incarceration set forth under the applicable Guidelines.

                                                Respectfully submitted,

                                                BRIDGET M. ROHDE
                                                Acting United States Attorney

By:    /s/ F. Turner Buford
        F. Turner Buford
        Assistant U.S. Attorney
        (718) 254-6483

cc:    Allegra Glashausser, Esq. (by ECF and Email)